USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/30/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MALKA REIZY MOSKOWITZ, SARAH
FEUERWERGER, BERL FRANKL, MOSHE
ECKSTEIN, YISRUEL GOLDSTEIN, ISRAEL
FRIED, JOSEPH MOSKOWITZ and VICTOR
FRANKL,

    Plaintiffs,

v.

LA SUISSE, SOCIETE D'ASSURANCES SUR LA
VIE now known by Merger as SCHWEIZERISCHE
LEBENSVERSICHERUNGS-UND
RENTENANSTALT,

    Defendant and Third-Party Plaintiff,

v.

MOSES KRAUS AND CARUSO AG,

    Third-Party Defendants.

06 Civ. 4404 (RO)

**ORDER**

OWEN, District Judge:

    Plaintiffs Malka Reizy Moskowitz, Sarah Feuerwerger, Berl Frankl, Moshe Eckstein, Yisruel Goldstein, Israel Fried, Joseph Moskowitz, and Victor Frankl ("Plaintiff" or "Policyholders") bring this action against Defendant and Third-Party Plaintiff, La Suisse, Societe D'Assurances sur la Vie, now known by merger as Schweizerische Lebensversicherungs-Und Rentenanstalt ("Defendant" or "Third-Party Plaintiff" or "Swiss Life"), asserting breach of contract claims involving "mixed life," or endowment, policies and loans issued by Swiss Life. Swiss Life brings an action against third-party defendants Moses Kraus ("Kraus") and Caruso

1

AG ("Caruso") ("Third-Party Defendants") claiming violations of the Racketeer Influenced and Corrupt Organizations ("RICO") under 18 U.S.C. § 1962(a) and (c), and claiming a breach of fiduciary duty.

Before the Court are Kraus' motion to dismiss the third-party claim brought against him on the basis that this Court lacks personal jurisdiction over him under Federal Rule of Civil Procedure 12(b)(2), and Plaintiffs' motion to certify a class under Federal Rule of Civil Procedure 23. For the reasons below, Kraus' motion to dismiss is denied and Plaintiffs' motion to certify a class is denied.

## BACKGROUND

Familiarity with the factual and procedural history underlying this action is presumed, and will not be repeated here. On March 31, 2010, Magistrate Judge George A. Yanthis issued a Report and Recommendation, in which he recommended that Third-Party Defendant Moses Kraus' motion to dismiss be denied and Plaintiff's motion for class certification be denied (Docket Entry No. 104.)

On April 23, 2010, Plaintiff filed objections to the Report. (Docket Entry No. 107.) On April 30, 2010, Third-Party Defendant Moses Kraus filed objections to the Report. (Docket Entry No. 109.) On May 28, 2010, Defendant filed a Memorandum of Law in Opposition to Plaintiff's Objections to the Report and Memorandum of Law in Opposition to the Third-Party Defendant Kraus' Objections to the Report. (Docket Entry Nos. 111-113)

This case was thereafter re-assigned to this Court. (Docket Entry No. 116.)

## STANDARD OF REVIEW

United States Magistrate Judges hear dispositive motions and make proposed findings of fact and recommendations, generally in the form of a Report and Recommendation. In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where no timely objection has been made by either party, a district court need only find that "there is no clear error on the face of the record" in order to accept the Report and Recommendation. *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted).

A party may file "specific written objections," Fed R. Civ. P. 72(b), to a Magistrate Judge's proposed findings and recommendations, and in that case, the district court has an obligation to make a *de novo* determination as to those portions of the Report and Recommendation to which objections were made. 28 U.S.C. § 636(b)(1); *First Union Mortgage Corp., v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000). A district court judge, in making a *de novo* determination, has discretion in the weight placed on proposed findings and recommendations and may afford a degree of deference to the Report and Recommendation. *See United States v. Raddatz,* 447 U.S. 667, 676 (1980). Objections to a Report and Recommendation are to be "specific and are to address only those portions of the proposed findings to which the party objects." *Camardo v. General Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 381-82 (W.D.N.Y. 1992). Objections that are "merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke *de novo* review." *See Vega v. Artuz,* No. 97 Civ. 3775, 2002 WL 31174466, at *1, 2002 U.S. Dist. LEXIS 18270 (S.D.N.Y. Sept. 30, 2002). In the event a

party's objections are conclusory or general, or simply reiterate original arguments, the district court reviews the Report and Recommendation for clear error.

## DISCUSSION

The Court has reviewed Magistrate Judge Yanthis' Report and Recommendation, the objections submitted by Plaintiff and Third-Party Defendant, Defendant's filings in support of the Report and Recommendation, and has conducted a *de novo* review of those aspects of the Report and Recommendation to which the parties object. Having done so, the Court concludes that the Report is supported by the record and the law. *See Pizarro v. Bartlett*, 776 F.Supp. 815, 817 (S.D.N.Y. 1991). As discussed below, the objections of Plaintiff and Third-Party Defendant do not provide a basis for departing from the Report's conclusions and recommendations.

### Third-Party Defendant's Motion to Dismiss

Kraus argues that New York's general jurisdiction statute (CPLR §301) and long-arm jurisdiction statute (CPLR §302) do not extend personal jurisdiction to him, and alternatively, that the action against him should be dismissed on *forum non conveniens* grounds. Kraus makes several arguments in support of his claim that dismissal is proper: that for the purposes of CPLR, he did not conduct business in New York; that any contacts with individuals in New York are too remote temporally; that there is no connection between sales of the Marriage Policies and Defendant's RICO claims and that New York is neither the situs of Defendant's alleged injuries not the location of the activity of which Defendant complain; and Kraus' lack of contacts with New York preclude jurisdiction over him on the basis of due process.

The Report finds that CPLR §302, New York's long-arm statute, confers personal jurisdiction upon Kraus because he was substantially and personally involved with New York

4

through the selling of the Marriage Policies there, earning substantial commissions, travelling repeatedly to New York, advertising the Marriage Policies in New York newspapers, and finding counsel for the present action in New York. Judge Yanthis concluded that these activities demonstrated a substantial, continuous, and purposeful activity in New York for the purposes of the statute. This Court agrees.

To demonstrate the "minimum contacts" necessary to justify jurisdiction, plaintiff must show that the claim arises out of or relates to defendant's contacts with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). "The [plaintiff] must also show that [the defendant] "purposefully availed" [himself] of the privilege of doing business in [the forum state] and that [the defendant] could foresee being "haled into court" there." *Kernan,* 175 F.3d 236, 242-43; *See World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). The court then "'also considers whether the assertion of jurisdiction "comports with 'traditional notions of fair play and substantial justice'-that is, whether it is reasonable under the circumstances of a particular case.'" *Id.* (citing *Metropolitan Life,* 84 F.3d at 568; *International Shoe,* 326 U.S. at 316, 66 S.Ct. 154)).

Courts are to consider five factors in evaluating reasonableness: "(1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies." *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez,* 305 F.3d 120, 129 (2d Cir. 2002).

(citing *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 113-14, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987).

In the totality of the circumstances as shown by the record, Kraus had sufficient contacts with New York that support a finding that the exercise of jurisdiction over him is consistent with New York's long-arm jurisdictional statute, and does not violate due process. The basis for Defendant's third-party claim against Kraus is the long-term scheme by which Kraus agreed with Defendant to sell Marriage Policies in New York, sold Marriage Policies in New York, collected on the Marriage Policies, and thereafter initiated litigation in New York against Defendant. As such, Kraus availed himself of the privilege of doing business in New York to the extent that he could have forseen being haled into court there. There is a substantial nexus between the transaction of business in New York and the conduct that serves as the basis for Defendant's RICO claims. Furthermore, New York has an interest in the RICO action being heard here, because it involves New York residents allegedly being used in unlawful activity. Where an individual has directed activity and invoked the protections of the law to the extent Kraus has in New York, the exercise of personal jurisdiction over the individual is both authorized by CPLR §302 and consistent with due process.

For these reasons, the exercise of personal jurisdiction over Kraus is proper. Consideration of the "minimum contacts" and "reasonableness" tests shows that Plaintiff purposefully availed himself of the privilege of doing business in New York, and could reasonably forsee being haled into court in New York. *Kernan v. Kurz-Hastings, Inc.*, 175 F.3d 236, 242-43 (2d Cir. 1999).

Kraus also argues that Defendant's claim should be dismissed on *forum non conveniens* grounds. The party arguing for dismissal on this basis of *forum non conveniens* bears a heavy

burden, and courts considering dismissal must assess multiple public and private factors. The private factors to be considered include the "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6, 102 S.Ct. 252 (1981) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). The public factors include "administrative difficulties flowing from court congestion; the "local interest in having localized controversies decided at home"; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." *Id.* (citing Gulf Oil, 330 U.S. at 509)

The Report finds, and this Court agrees, that Kraus has not met his burden of demonstrating that it is more convenient to litigate this claim in Switzerland than New York. There is a substantial connection between the claims raised in Plaintiffs' proposed class action and the claims Defendant pursues against Kraus. As such, transferring this case to Switzerland would have the potential to result in duplicate litigation. Given that the policyholders are residents of New York, not only would it be inconvenient to require them to travel out of New York to testify as witnesses, but New York has an interest in this proceeding.

As such, this Court agrees with Magistrate Judge Yanthis' finding that New York is the proper forum to litigate the third-party claims.

## **Plaintiffs' Motion to Certify a Class**

Plaintiffs seek to certify a class action as such: All United States residents who are policyholders or assignees of endowment insurance policies with marriage-event clauses issued by Defendant La Suisse, Societe D'Assurances, Sur La Vie, a/k/a La Suisse, Lebens-Versicherungs-Gesell-Schaft, Lausanna a/k/a La Suisse Life Insurance Company, Lausanne ("La Suisse") from 1989 through 1995, inclusive (the "Class").

Plaintiffs further divide the putative Class into the following five subclasses: policyholders who suffered an "Age Reduction"; policyholders who allegedly "received contractually promised policy-loans from the defendant and suffered improper loan handling fees, exorbitant interest rates and backdating of loan contracts and suffered a wrongfully inflated deduction for settlement of the loan; policyholders "who suffered payouts-deductions for unowed premiums"; policyholders "who were not paid annual interest" on the dividend account; and policyholders "whose policies matured within the final 2 years of the full policy term and are still not paid their contractually promised bonus."

The proposed class representatives – Malka Moskovitz, Sarah Feuerwerger, Berl Frankl, Israel Fried, Joseph Moskowitz, Moshe Ekstein, and Victor Franklare – are residents of New York who purchased the marriage policies between 1989 and 1995. Plaintiffs claim that these proposed class representatives have been harmed in the same way as all other members of the Class and proposed sub-classes. Plaintiffs' claims for breach of contract arising from the Marriage Policies and loan agreements based on the policies are the following: 1) Age Reduction; 2) Pro-rata Refund; 3) Unowed Premium Deductions; 4) Interest on Dividend Accounts; 5) Terminal Bonuses; 6) improperly calculated late interest in premiums and twice-charged late interest; and 7) wrongfully demanded documents to prove marriage.

A putative class must be certified under the criteria of Federal Rules of Civil Procedure 23(a) and 23(b), and Plaintiffs bear the burden of establishing that they meet these requirements. FED. R. CIV. PRO. 23(a)-(b). The requirements of 23(a) are referred to as: 1) numerosity; 2) commonality; 3) typicality; and 4) adequate representation. *See Moore v. PaineWebber, Inc.*, 306 F.3d 1247, 1252-53 (2d Cir. 2002). If these are met, "the court must decide whether plaintiffs meet the predominance requirement, and whether a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Fed.R.Civ.P. 23(b)(3); *Presbyterian Church of Sudan v. Talisman Energy, Inc.*, 226 F.R.D. 456, 468-69 (S.D.N.Y. 2005).

A plaintiff attempting to demonstrate predominance must show that the issues that are subject to generalized proof, and are thus applicable to the class as a whole, predominate over those issues subject to individualized proof. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 623, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997). The predominance factor assesses "whether proposed classes are sufficiently cohesive to warrant adjudication by representation" and is a more demanding analysis than the commonality requirement. *Moore* at 1252-53 (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997); *Maneely v. City of Newburgh*, 208 F.R.D. 69, 76 (S.D.N.Y. 2002). Accordingly, where the resolution of individual claims for relief would require individualized inquiries, this requirement is not met.

In order to demonstrate breach of contract by Defendant, Plaintiffs must show that they complied with their obligations under the policies, they must show how Defendant breached its obligations, and they must be able to demonstrate the extent of their damages. The Report found that in this action, the individualized questions predominate the questions that are subject to generalized proof, making class action improper. This Court agrees. Plaintiffs' contract claims

are supported by oral representations made by brokers and sub-brokers, and the record shows that these representations were not uniform. The record also shows that Plaintiffs relied on these oral representations. Similarly, Defendant could assert distinct defenses for different plaintiffs, including non-compliance on the part of a plaintiff or a procedural defense such as whether a plaintiff's claim is barred by the statute of limitations.

These individualized inquiries required to assess the claims makes them inappropriate for treatment as a class. The fact that the terms of the Marriage Policies are essentially identical, and that Plaintiffs have a common overarching complaint, is insufficient because of facts related to the other elements that are not common. Plaintiff's assertion that the critical question in this case is whether Defendant engaged in a pattern and practice of breaching the Marriage Policies oversimplifies the factual and legal issues in this case. Similarly, Plaintiff is incorrect in claiming that because the "central issue" is whether Defendant unlawfully failed to pay full insurance benefits, the fact that there may have been differences in how Defendant allegedly breached its contracts is immaterial. The significance of the fact that such individualized inquiries are necessary is not abrogated by the fact that all Plaintiffs have a common complaint. *See Talisman Energy*, 226 F.R.D. at 468 CITE (stating that "without commonality of violation and harm, a common course of conduct alone is insufficient to establish defendant's liability to any particular plaintiff.")

Because Plaintiff has not shown that common questions of law and fact predominate over questions subject to individualized proof, this Court concludes that Plaintiffs' claims are not suitable for class certification.

Judge Yanthis further finds that the putative class representatives are inadequate to protect the interests of the class because they have little knowledge of this action and little

10

involvement. The Court concurs. The conclusory statements Plaintiffs provide in opposition to the Report fail to overcome the conclusion borne out by a review of the record. This Court is unconvinced that the named Plaintiffs have a minimum threshold of knowledge about the case to make reasonable decisions throughout the litigation in the best interests of the class.

## CONCLUSION

For the reasons set forth above, this Court concurs with the Report and Recommendation of Magistrate Judge Yanthis, and adopts it as the Order of this Court. Accordingly,

1) Third-Party Defendant's motion to dismiss Defendant's claim is DENIED, and
2) Plaintiffs' motion to certify a class is DENIED.

SO ORDERED.

March 2̲9̲, 2012

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　RICHARD OWEN
　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

11